Nicholson, C. J.,
delivered the opinion of the Court.
Richard C. Wilkins, having been appointed a trustee in a deed of trust executed in 1858, by M. J. English and W. English, on a lot in Memphis, for the purpose of securing to J. I). Armour the payment of a note of $1,000, removed from the State, and after he had been thus absent about five years, E. Jenkins & Sons, assignees of the note, petitioned the Probate Court of Shelby county to remove Wilkins as such trustee and appoint another in his stead, to carry out the provisions of the trust deed. W. English is dead,. without children, and M. J. English has intermarried with E. M. Moore, who, together with Wilkins, are *53 defendants, the first two by service of process and the last by publication.
The Probate Judge removed Wilkins as trustee and appointed Winchester in his stead, requiring no bond, the beneficiaries in the deed consenting thereto.
E. M. Moore and wife have appealed.
The only question in the case is, whether the Probate Court had jurisdiction to remove a trustee and appoint another in his place? The Probate Court of Shelby county was established by the Act of 1870, ch. 86, (Shanldand, 77.) By the second section of the Act, “the said court shall have original jurisdiction of all matters of probate, the administration of estates, and orphans’ business, embracing all the subject and powers enumerated in and conferred by sections 4201, 4203,” etc., of the Code. This enactment confers on the Probate Court original jurisdiction as to all the subjects and powers enumerated in and conferred by section 4201 of the Code on the County Court. By that section the County Court has original jurisdiction in twelve cases which are specified by consecutive subsections — and then the thirteenth sub-section is in these words: “ all other matters of which jurisdiction is conferred by law.”
What other matters are here referred to ? Chap. 15, p. 663 of the Code, is devoted to the “resignation, removal, and appointment of trustees,” and by the first section of that chapter, which is section 3648 of the Code, “ the Chancery, Circuit and County Courts have concurrent jurisdiction to accept the resignation of trustees, or to remove and appoint trustees under *54 the provisions of this chapter.” By section 3656 of this chapter, a trustee “may be removed upon application by petition, by any one or more of the beneficiaries, when he has removed from the State,” or “ for other good cause.”. By section 3661, when a trustee resigns or is removed, “the court may appoint a successor, taking, whenever it is proper to require it, bond and security,” etc. And by section 3662, “ the court shall vest and divest title to the property,” etc., “according to the course of the Chancery Court.”
The jurisdiction thus conferred by this chapter on the County Court, as to the resignation, removal and appointment of trustees, is expressly embraced among the matters enumerated as belonging to the original jurisdiction of the County Court by section 4201, subsection 22 of the Code; and by section 2 of the Act of 1870, ch. 86, the Probate Court of Shelby county has original jurisdiction of “all the subjects and powers enumerated in and conferred by section 4201 ” on the County Court. It follows that in the case before us the Probate Judge had jurisdiction, and we are of opinion that the jurisdiction was properly exercised, in pursuance of the provisions of the Code, and therefore we affirm his decree.